■ LISELOTTE RAU, Respondent, v OTTO RAU, Appellant.—Order, Supreme Court, New York County, entered June 13, 1980, which directed a hearing on a proposed conservatorship, unanimously reversed, on the law and the facts, petition dismissed pursuant to stipulation of the parties, and motion to vacate guardian ad litem granted, without costs. Petitioner-respondent wife brought a proceeding pursuant to article 77 of the Mental

Hygiene Law for the appointment of a conservator of the property of her husband, the proposed conservatee-appellant. The wife is 70 years of age, the husband is 81. They have been married and lived together continuously for 45 years. The husband retained counsel of his own choice and vigorously opposed his wife's application. He moved to dismiss the petition for insufficiency or, in the alternative, for summary judgment, and also to vacate that portion of the order to show cause which appointed a guardian ad litem. He further objected to any contact with the guardian ad litem, who then applied to the court to compel access to the husband. Five days prior to the adjourned return date of the above applications, the wife withdrew her petition, and the attorneys for both parties signed a stipulation of discontinuance of the proceeding. On the calendar call at Special Term, the stipulation of discontinuance was filed with the clerk, and he was advised that the petition had been withdrawn. Nevertheless, the court directed a hearing on the withdrawn petition. This was a private proceeding brought by the wife for the appointment of a conservator of her husband's property. Only the rights of the husband and wife were involved. The parties had a right· to discontinue the· proceeding, as they did. This record does not provide a basis for Special Term's refusal to recognize the stipulation of discontinuance and its direction of a hearing on the withdrawn petition. Concur—Kupferman, J. P., Birns, Fein, Sandler and Carro, JJ.