■ OTTO RAU, Appellant, v HERMAN TANNENBAUM, Respondent. — Order of the Supreme Court, New York County (Martin Evans, J.), entered March 2, 1981, denying plaintiff's motion to dismiss defendant's first affirmative defense reversed, on the law, without costs, and the motion to strike said defense granted. Plaintiff, Otto Rau, an 83-year-old gentleman, brings this action against his former physician, Dr. Tannenbaum, to recover for the alleged improper and illegal disclosure of information obtained by reason of the patient-physician relationship which then existed between them. Defendant treated plaintiff for a number of years for hypertension and other related diseases. On his last visit to defendant doctor, defendant noted a marked decline in plaintiff's mental faculties and in his ability to function normally and concluded that he was suffering from Alzheimer's disease, a neurological disease which results in brain dysfunction. Shortly thereafter defendant was contacted by an attorney who stated that he represented Mrs. Rau and that Mrs. Rau was bringing a proceeding for the appointment of a conservator for Mr. Rau. Dr. Tannenbaum was requested to supply an affidavit to support the petition. He indicated that he would do so only if Mrs. Rau gave her consent, in writing, to such disclosure. Mrs. Rau executed and delivered the required consent and Dr. Tannenbaum supplied the affidavit requested. After a special guardian had been appointed for Rau, the proceeding was either abandoned or discontinued. Thereupon this action was brought bottomed on the theory that the information disclosed was obtained by reason of the relationship of physician and patient and was privileged. It could be released only with the consent of the patient or under circumstances which account to a waiver of the privilege by the patient. For his first affirmative defense Dr. Tannenbaum asserts that Mr. Rau lacks legal capacity to sue. Plaintiff moved to dismiss that defense. Special Term was of the opinion that a denial, without prejudice to renewal after the completion of discovery, was appropriate. We disagree. It has long been the rule that " 'a person of unsound mind but not judicially declared incompetent may sue or be sued in the same manner as an ordinary member of the community' " (Sengstack v Sengstack, 4 NY2d 502, 509; Anonymous v Anonymous, 3 AD2d 590, 594). Defendant may, if he be so advised, seek a judicial determination of plaintiff's competency and the appointment of a committee for him, or Special Term may, if it deems it appropriate, appoint a special guardian. However, until such determination is had, plaintiff is entitled to prosecute this action in his own name. Concur — Ross, Silverman, Bloom and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. It is obvious that Special Term gives more credence to the decisions of this court than this court does itself. In Rau v Rau (78 AD2d 617), this court determined that a petition brought by the wife for the appointment of a conservator of the property of her husband (the plaintiff in the case at bar against the defendant doctor) could be withdrawn where only the husband and wife were involved, and they had agreed upon a stipulation of discontinuance. In that proceeding, the defendant doctor, at the request of the wife, supplied an affidavit to support her petition. Obviously, an issue that will be before the court in the pending action will be the question of whether there was a valid basis for the physician's conclusions. Accordingly, it is incongruous to strike the affirmative defense of lack of legal capacity, which is a real question in the case, and the inconsistency is compounded when the court suggests the appointment of a committee when we have heretofore accepted the fact that the husband and wife together can stipulate to avoid such a result. Far better would it be simply to allow the affirmative defense to stand and let the matter be tried.