■ HELEN PIASECKI, Respondent, v HUMAYUN RASHIB, Appellant. [610 NYS2d 874] —In an action to recover damages for alleged medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated June 29, 1992, which denied his motion to dismiss the

complaint on the ground that the proper party failed to commence suit pursuant to CPLR 1201.

Ordered that the order is affirmed, with costs.

It is well established that "a person of unsound mind but not judicially declared incompetent may sue or be sued in the same manner as any ordinary member of the community" (*Sengstack v Sengstack,* 4 NY2d 502; *Keown v Wright,* 89 AD2d 932; *Rau v Tannenbaum,* 85 AD2d 522; *Anonymous v Anonymous,* 3 AD2d 590; *Weldon v Long Is. Coll. Hosp.,* 142 Misc 2d 61, 64-65). The plaintiff at bar became comatose on September 11, 1988, but was not declared incompetent until March 6, 1989, some three months after she commenced her lawsuit. We do not find that the temporary appointment of a guardian ad litem for the limited purpose of representing the plaintiff in a conservatorship proceeding held on November 23, 1988, constituted a judicial declaration of incompetence, or interfered with the plaintiff's right to commence suit in her own name. Mangano, P. J., Pizzuto, Friedmann and Goldstein, JJ., concur.