■ BARBARA A. TRANK, Respondent, v JOSEPH TRANK, JR., Appellant. [622 NYS2d 971] —In an action for a divorce and ancillary relief, the defendant husband appealed from stated portions of a judgment of the Supreme Court, Orange County (Slobod, J.), dated October 16, 1992. By decision and order of this Court dated December 27, 1994, the judgment was unanimously affirmed insofar as appealed from and the parties and their respective counsel were directed to appear before this Court to be heard upon the issue of the imposition of appropriate sanctions or costs, if any, pursuant to 22 NYCRR 130-1.1 (c), to be imposed against the appellant or his attorney for their failure to promptly notify this Court that the primary issues raised on appeal had been settled.

Upon the hearing before this Court on January 25, 1995, at which counsel and the parties were afforded an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that the appellant's attorney Sidney Siller is directed to personally pay the sum of $750 to the Lawyers' Fund for Client Protection, within 20 days after service upon him of a copy of this decision with notice of entry, for his failure to promptly notify this Court that the primary issues raised on appeal had been settled and/or rendered academic.

The parties were divorced by judgment dated October 16, 1992, and the plaintiff wife was awarded custody of parties' two children and exclusive possession of the former marital residence. In his brief on appeal, which was filed in May 1993, the husband raised an extensive challenge to the soundness of the Supreme Court's custody determination. The husband also argued that it was an improvident exercise of discretion for the court to award the wife exclusive possession of the marital residence until the parties' youngest child reached the age of 18.

At a hearing before this Court, the appellant's attorney admitted that pursuant to a stipulation between the parties, custody of the children was transferred from the mother to the father on May 25, 1994. In addition, the wife filed a personal bankruptcy petition in July 1994 and the husband subsequently purchased her interest in the marital residence, rendering the issue of the award of exclusive possession to the wife academic. However, the appellant's attorney did not notify this Court of these events until November 29, 1994, three days before this appeal was scheduled to be heard. Although the appellant's attorney noted at the hearing that other issues raised in the brief he submitted on the husband's behalf remained viable, attorneys with appeals in the Second Department are required to notify this Court immediately if any case or appeal is wholly or partially settled, or if any issues are wholly or partially rendered moot for any reason (see, 22 NYCRR 670.2 [g]; see also, Court Notes, NYLJ, Nov. 17, 1994, at 11, col 3). In view of the failure of the appellant's counsel to comply with this rule, which he was unable to fully explain at the hearing, we find the imposition of a sanction in the sum of $750 to be appropriate. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.