■ In the Matter of Elizabeth Huber, Respondent, v Lorraine E. Mones, Respondent, and William A. Huber et al., Appellants. [653 NYS2d 353] —In a proceeding, *inter alia,* to restore assets to a certain trust and to remove and replace the co-trustees named under the will of the deceased William Huber, William A. Huber, Bavarian Inn of Lake Ronkonkoma, Inc., and Bavarian Realty of Lake Ronkonkoma Co., appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated September 28, 1995, as removed William A. Huber and Lorraine Mones as co-trustees of the trust created under the will of the deceased William Huber, directed that all assets transferred out of the trust be restored to it, and denied the motion of William A. Huber to dismiss the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants contend that the petitioner lacked the requisite mental capacity to commence this special proceeding against them, that the Surrogate improperly denied them an opportunity to answer, and that the Surrogate relied on mate-

rial not in the record in making the order under review. We disagree.

A person of unsound mind but not judicially declared incompetent may sue or be sued in the same manner as any ordinary member of the community (*Sengstack v Sengstack,* 4 NY2d 502; *Piasecki v Rashib,* 203 AD2d 443). Here, at the time that the petitioner commenced the instant proceeding in the Surrogate's Court, she had not been declared incompetent or incapacitated. The subsequent determination by the Supreme Court that the petitioner was in need of the appointment of a special guardian to manage her property did not prohibit the Surrogate from concluding that the petitioner had the mental capacity to bring this proceeding. Also, the Surrogate did not err in relying upon the initial report of the special guardian appointed by the Supreme Court.

The appellant William A. Huber's contention that he was denied an opportunity to answer the petition is also without merit. The submission of an answer following denial of a motion to dismiss a special proceeding is subject to the discretion of the court (CPLR 404 [a]) and we see no improvident exercise of discretion here (*see, Matter of Foley,* 140 AD2d 892; *Matter of Dodge,* 25 NY2d 273).

The appellants' remaining contentions are without merit.

In conclusion, we reject the informal application, made by counsel for the petitioner, to dismiss the present appeal as academic in light of a stipulation placed on the record in the Surrogate's Court on September 12, 1996. Counsel for the appellants insists that the appeal is not moot. The papers submitted informally to this Court a few days before the argument of the appeal are not sufficient to support a determination that the appeal is academic. Had the papers been sufficient, counsel's failure to alert this Court in a more timely fashion would have warranted imposition of sanctions (*see,* 22 NYCRR 670.2 [g]; *Trank v Trank,* 212 AD2d 777). Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.