Johnny Moise, Appellant, v Uptown Communications & Electric, Inc., et al., Respondents. [20 NYS3d 626]—

In an action to recover damages for employment discrimination on the basis of race in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bunyan, J.), dated November 13, 2013, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated March 12, 2014, entered upon the order, which is in favor of the defendants and against him, dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment dated March 12, 2014, entered upon the order (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action against his former employer, the defendant Uptown Communications & Electric, Inc. (hereinafter Uptown), and two owners and a general foreman of Uptown, to recover damages for employment discrimination on the basis of race in violation of the New York State Human Rights Law (*see* Executive Law § 296 [1] [a]) and the New York City Human Rights Law (*see* Administrative Code § 8-107 [1] [a]). The plaintiff alleged that the defendants discriminated against him on the basis of his race by terminating his employment after he was involved in a physical altercation with a coworker in the workplace and by not offering him an option for reinstatement upon completion of an anger management program. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and a judgment was entered accordingly.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of the State Human Rights Law. The defendants met their burden of offering legitimate, nondiscriminatory

reasons for their challenged actions and demonstrating that there were no material issues of fact as to whether those explanations were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Singh v Covenant Aviation Sec., LLC*, 131 AD3d 1158, 1158 [2015]; *Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d 805, 806 [2013]; *Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 926 [2012]). In opposition to this showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants' proffered explanations for the challenged actions were merely pretextual (*see Singh v Covenant Aviation Sec., LLC*, 131 AD3d at 1158; *Cotterell v State of New York*, 129 AD3d 653, 655 [2015]; *Furfero v St. John's Univ.*, 94 AD3d 695, 698 [2012]).

The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of the City Human Rights Law. In that regard, the defendants made "a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination played a role in their challenged actions" (*Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d at 927; *see Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d at 806; *Furfero v St. John's Univ.*, 94 AD3d at 699; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d at 806; *Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d at 927; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d at 46).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.