■ CHRISTOPHER PIGGOTT, Appellant, v LIFESPIRE, INC., et al., Respondents. [50 NYS3d 565]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated November 4, 2015, which granted the defendants' separate motions pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them based on his alleged lack of capacity.

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants, the defendants' separate motions pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings, including a hearing and determination as to the plaintiff's ability to adequately prosecute his rights and the appointment of a guardian ad litem to protect his interests, if warranted.

The plaintiff, who has never been judicially declared incompetent, commenced this action to recover damages for personal injuries. By way of background information, he alleged, inter alia, that he previously had been diagnosed as "severely mentally retarded," that he receives ongoing medical and psychiatric treatment at a residential facility for the developmentally disabled, and that he is entirely dependent on others for his care. Based on these allegations, the defendants separately moved pursuant to CPLR 3211 (a) (3) to dismiss the

complaint insofar as asserted against each of them on the ground that the plaintiff lacked the legal capacity to sue. The Supreme Court granted the motions.

An individual who is of unsound mind, but who has not been judicially declared incompetent, may sue or be sued in the same manner as any other person (*see Sengstack v Sengstack,* 4 NY2d 502 [1958]; *Bryant v Riddle,* 259 AD2d 399 [1999]; *Mitsinicos v New Rochelle Nursing Home,* 258 AD2d 630 [1999]; *Matter of Huber v Mones,* 235 AD2d 421 [1997]; *Piasecki v Rashib,* 203 AD2d 443 [1994]). Therefore, the Supreme Court erred in directing summary dismissal of the complaint based upon the plaintiff's alleged lack of mental capacity. Rather, since the plaintiff may require the assistance of a guardian ad litem to protect his interests, the court should have conducted a hearing to determine whether a guardian should be appointed for the plaintiff pursuant to CPLR 1201 (*see e.g. Matter of Mary H. [Sanders-Spencer],* 126 AD3d 794 [2015]; *Resmae Mtge. Corp. v Jenkins,* 115 AD3d 926 [2014]; *Tudorov v Collazo,* 215 AD2d 750 [1995]; *Shad v Shad,* 167 AD2d 532 [1990]; *Matter of Carmen G.F.,* 63 AD2d 651 [1978]).

Accordingly, we reverse the order, deny the motions, and remit the matter to the Supreme Court, Kings County, for a hearing and determination as to the plaintiff's ability to adequately prosecute his rights and the appointment of a guardian ad litem to protect the plaintiff's interests, if warranted. Mastro, J.P., Chambers, Miller and Barros, JJ., concur.