Redstone v Herzer (2018 NY Slip Op 04681)





Redstone v Herzer


2018 NY Slip Op 04681


Decided on June 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2018

Renwick, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


159840/16 6988N 6987

[*1] Sumner M. Redstone, Plaintiff-Respondent,
v
Manuela Herzer, Defendant-Appellant, Hotel Carlyle Owners Corporation, Defendant.


Law Offices of Ronald Richards & Associates, A.P.C., Beverley Hills, CA (Ronald N. Richards of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Matalon Shweky Elman PLLC, New York (Howard I. Elman of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Erika M. Edwards, J.), entered October 26, 2017, which, inter alia, granting plaintiff's motion for summary judgment on his first cause of action for a declaration that defendant Manuela Herzer has no valid claim to an ownership interest in a certain apartment, directing defendant Hotel Carlyle Owners Corporation to cancel a proprietary lease and 2,110 shares for the apartment issued to plaintiff and Herzer and issue a new proprietary lease and shares to the apartment solely to plaintiff, and denying Herzer's application for a mental competency examination of plaintiff on an expedited basis, unanimously affirmed, without costs. Order, same court and Justice, entered January 19, 2018, which, insofar as appealed from as limited by the briefs, denied Herzer's motion to renew, unanimously affirmed, without costs.
Plaintiff and Herzer entered into an agreement which clearly stated that plaintiff was purchasing the subject apartment and that he intended to give the apartment as a gift to Herzer upon his death. In the agreement, Herzer acknowledged that notwithstanding the inclusion of her name on the contract of sale, proprietary lease and shares, the apartment belonged exclusively to plaintiff until his death, and that adding defendant's name was a matter of convenience for plaintiff.
"[T]o make a valid inter vivos gift there must exist the intent on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive to the donee; and acceptance by the donee" (Gruen v Gruen , 68 NY2d 48, 53 [1986]). The proponent of a gift has the burden of proving these elements by clear and convincing evidence (id. ). Here, Supreme Court properly concluded, based on the clear language of the agreement, that plaintiff did not make an inter vivos gift of the apartment to Herzer. The court properly refused to consider extrinsic evidence of the parties' intent based on the express terms of the agreement.
The court also correctly denied Herzer's motion to renew as she presented no new evidence that would have changed the result (CPLR 2221[e]). Evidence of interfamilial squabbling had no bearing on the agreement, which was clear on its face.
An expedited mental examination of plaintiff was unwarranted because a person of unsound mind who was not judicially declared incompetent may sue in the same manner as anyone else (see Rau v Tannenbaum , 85 AD2d 522 [1st Dept 1981]). No evidence was presented that plaintiff was judicially declared incompetent. Furthermore, Herzer admitted that plaintiff [*2]was of sound mind when he signed the agreement which limited the gift. Thus, his present mental condition was not relevant.
We have considered Herzer's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 26, 2018
CLERK