Linghua Li v Xiao (2019 NY Slip Op 06388)





Linghua Li v Xiao


2019 NY Slip Op 06388


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-04044
 (Index No. 517564/16)

[*1]Linghua Li, etc., appellant, 
v
Patrick Peiying Xiao, etc., et al., respondents, et al., defendant.


Morelli Law Firm, PLLC, New York, NY (Sara A. Strickland and Sara Mahoney of counsel), for appellant.
Benvenuto & Slattery (Rubin Sheeley Paterniti Gonzalez Kaufman, LLP, New York, NY [James W. Tuffin], of counsel), for respondents Patrick Peiying Xiao and AGI Medical, PLLC.
Oliver Zhou, Flushing, NY, for respondents Yong Kang He, Evergreen Medical Clinic, PLLC, and Yong Kang Medical, PLLC.



DECISION & ORDER
In an action to recover damages for medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Kings County (Gloria Dabiri, J.), entered March 15, 2017. The judgment, upon an order of the same court dated February 10, 2017, inter alia, denying the plaintiff's unopposed motion pursuant to CPLR 1202 to be appointed guardian ad litem of Chang Hong Zheng and granting that branch of the motion of the defendants Evergreen Medical Clinic, PLLC, Yong Kang Medical, PLLC, and Yong Kang He which was pursuant to CPLR 3211(a)(3) to dismiss the complaint, dismissed the complaint insofar as asserted against the defendants Patrick Peiying Xiao, Yong Kang He, Evergreen Medical Clinic, PLLC, Yong Kang Medical, PLLC, and AGI Medical, PLLC.
ORDERED that the judgment is reversed, on the law and on the facts, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the complaint is reinstated against the defendants Patrick Peiying Xiao, Yong Kang He, Evergreen Medical Clinic, PLLC, Yong Kang Medical, PLLC, and AGI Medical, PLLC, the determination in the order dated February 10, 2017, denying the plaintiff's unopposed motion pursuant to CPLR 1202 to be appointed guardian ad litem of Chang Hong Zheng is vacated, that branch of the motion of the defendants Evergreen Medical Clinic, PLLC, Yong Kang Medical, PLLC, and Yong Kang He which was pursuant to CPLR 3211(a)(3) to dismiss the complaint is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
On May 8, 2014, Chang Hong Zheng (hereinafter Zheng) underwent a colonoscopy. Following the procedure, Zheng collapsed, and he has been in a comatose state ever since. His wife, the plaintiff Linghua Li, suing individually and as the proposed guardian ad litem for Zheng, commenced this medical malpractice action against various parties, including the doctor who performed the colonoscopy, the clinic where the procedure was performed, and Zheng's primary care [*2]physicians.
The defendants Yong Kang He, Evergreen Medical Clinic, PLLC, and Yong Kang Medical, PLLC (hereinafter collectively the primary care defendants), moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint on the ground that the plaintiff lacked standing to act in a representative capacity for Zheng. The plaintiff opposed the motion, and moved pursuant to CPLR 1202 to be appointed Zheng's guardian ad litem. None of the defendants opposed the plaintiff's motion.
In an order dated February 10, 2017, the Supreme Court, inter alia, granted that branch of the primary care defendants' motion which was to pursuant to CPLR 3211(a)(3) and denied the plaintiff's unopposed motion. The court subsequently entered a judgment upon the order, and this appeal from the judgment ensued.
Contrary to the primary care defendants' contention, the mere fact that this action was commenced before the plaintiff moved pursuant to CPLR 1202 to be appointed guardian ad litem of her husband does not provide grounds for dismissal of the complaint pursuant to CPLR 3211(a)(3). An incapacitated individual who has not been judicially declared incompetent may sue or be sued in the same manner as any other person (see Piggott v Lifespire, Inc., 149 AD3d 785, 786), and CPLR 1202(a) expressly contemplates that a motion for the appointment of a guardian ad litem may be made "at any stage in the action." Thus, there is no strict legal requirement that the plaintiff should have been appointed guardian before the commencement of this action. While it would have been better for the action to have been commenced in Zheng's name, rather than by the plaintiff "as Proposed Guardian Ad Litem of [Zheng]," the defect is not fatal, particularly given the relatively short delay between the commencement of the action and the filing of the plaintiff's guardianship motion (see CPLR 2001). Accordingly, the Supreme Court should have denied that branch of the primary care defendants' motion which was pursuant to CPLR 3211(a)(3) to dismiss the complaint.
Inasmuch as it appears that the Supreme Court may have denied the plaintiff's unopposed motion because of a failure to submit certain information required by CPLR 1202(c), the plaintiff should be afforded an opportunity to file corrected papers before her motion is decided. Therefore, the determination in the order dated February 10, 2017, denying the plaintiff's unopposed motion must be vacated, and the matter remitted to the Supreme Court, Kings County, for the plaintiff to supplement her motion papers and for a new determination of the motion thereafter.
The primary care defendants' remaining contentions are without merit.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court