Matter of Vellios v Vellios (2021 NY Slip Op 07276)





Matter of Vellios v Vellios


2021 NY Slip Op 07276


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-09096
 (Docket No. O-15802-18)

[*1]In the Matter of Konstantina Vellios, etc., appellant,
v
Dimitrios K. Vellios, respondent.


Steven C. Bernstein, Brooklyn, NY, for appellant.
Jennifer Arditi, Maspeth, NY, for respondent.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated November 30, 2020. The order, after a hearing, granted the respondent's motion to dismiss the petition for lack of subject matter jurisdiction and dismissed the petition.
ORDERED that the order is reversed, on the law, without costs or disbursements, the respondent's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
In June 2018, the petitioner filed a family offense petition against the respondent on behalf of the parties' developmentally disabled then 19-year-old child (hereinafter the complainant). The petition alleged that the respondent engaged in conduct constituting harassment, reckless endangerment, and sexual misconduct toward the complainant.
During the hearing, after the complainant had attained 21 years of age, the respondent moved to dismiss the petition on the ground that the Family Court was divested of jurisdiction. The petitioner opposed the motion and requested, in the alternative, that the court stay the proceeding pending the appointment of a guardian due to the complainant's continuing incapacity. In an order dated November 30, 2020, the court determined that it was divested of jurisdiction when the complainant turned 21 years of age, and therefore granted the respondent's motion and dismissed the proceeding without prejudice. The petitioner appeals.
Contrary to the respondent's contention, the Family Court was not divested of subject matter jurisdiction over this family offense proceeding by virtue of the complainant attaining the age of 21. In the context of a family offense proceeding, the question of subject matter jurisdiction is generally confined to whether a qualifying offense has been committed between parties in a qualifying relationship (see Family Ct Act §§ 115[e]; 812[1]; Matter of Winston v Edwards-Clarke, 127 AD3d 771, 772; Matter of Richardson v Richardson, 80 AD3d 32, 37-38), irrespective of the complainant's age. Thus, the fact that the complainant attained the age of 21 during the hearing did not deprive the court of jurisdiction to hear and determine this matter.
To the extent the respondent's motion may be construed as challenging the [*2]petitioner's ability to prosecute this matter in a representative capacity for the complainant, this does not amount to a jurisdictional defect requiring dismissal of the proceeding (see Linghua Li v Xiao, 175 AD3d 672, 673). Indeed, "[a]n incapacitated individual who has not been judicially declared incompetent may sue or be sued in the same manner as any other person" (id. at 673-674; see Piggott v Lifespire, Inc., 149 AD3d 785, 786), and courts must not "shut their eyes to the special need of protection of a litigant actually incompetent but not yet judicially declared such" (Sengstack v Sengstack, 4 NY2d 502, 509). Rather, insofar as the record raises questions of fact as to whether the complainant may require the assistance of a guardian ad litem to protect her interests, the Family Court should have granted the petitioner's request to appoint a guardian to the extent of conducting a hearing to determine whether such an appointment was necessary pursuant to CPLR 1201 (see Matter of Jesten J.F. [Ruth P.S.], 167 AD3d 1527, 1528).
Accordingly, we remit the matter to the Family Court, Kings County, for further proceedings on the petition, including a hearing to determine whether the appointment of a guardian ad litem is necessary to protect the complainant's interests.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court