Hamill v Hamill (2023 NY Slip Op 04080)

Hamill v Hamill

2023 NY Slip Op 04080

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

584 CA 23-00535

[*1]CHRISTOPHER HAMILL, PLAINTIFF-RESPONDENT,
v
PHYLLIS HAMILL, DEFENDANT-APPELLANT, ET AL., DEFENDANT. (APPEAL NO. 1.) 

HAGERTY & BRADY, BUFFALO (DANIEL J. BRADY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
RUPP PFALZGRAF LLC, BUFFALO (JAMES GRABER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered March 27, 2023. The order, inter alia, appointed a guardian ad litem for defendant Phyllis Hamill. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the appointment of the guardian ad litem is vacated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, specific performance of an oral agreement by defendant Phyllis Hamill (Phyllis), plaintiff's mother, whereby she allegedly promised to convey to him a one-eighth ownership interest in real property. Plaintiff alleged that Phyllis had breached the oral agreement at the behest of defendant Tracey Diehl, his sister and Phyllis's daughter. In appeal No. 1, Phyllis appeals from an order that, inter alia, appointed a guardian ad litem for her pursuant to CPLR article 12. In appeal No. 2, defendants appeal from an order that denied the motion to, inter alia, dismiss the complaint pursuant to CPLR 3211 (a) (7) and directed plaintiff to file an amended complaint.
Initially, with respect to appeal No. 1, we conclude that Supreme Court erred in sua sponte appointing a guardian ad litem for Phyllis under CPLR article 12 (see CPLR 1202 [a]). CPLR 1202 (a) provides, inter alia, that "[t]he court in which an action is triable may appoint a guardian ad litem at any stage in the action upon its own initiative." To appoint a guardian ad litem under that provision where the issue is the person's ability to protect their rights, "the court must find by a preponderance of the evidence that [a person's] condition impedes such ability" (Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR 1202; see generally CPLR 1201; Matter of Nancy C. v Alison C., 57 AD3d 986, 987 [2d Dept 2008]). It is well settled that a hearing must be conducted whenever issues of fact arise in connection with the appointment of a guardian ad litem (see Matter of Jesten J.F. [Ruth P.S.], 167 AD3d 1527, 1528 [4th Dept 2018]; Resmae Mtge. Corp. v Jenkins, 115 AD3d 926, 927 [2d Dept 2014]; Shad v Shad, 167 AD2d 532, 533 [2d Dept 1990]).
Here, the court appointed a guardian ad litem for Phyllis, then 91 years old, almost entirely due to her age. We conclude, however, that a person's age, standing alone, cannot establish that a guardian ad litem is warranted under CPLR 1201 (see Charter One Bank, FSB v Mills, 112 AD3d 1338, 1340 [4th Dept 2013], lv dismissed 22 NY3d 1192 [2014]). Further, we note that, in reaching its determination, the court seemingly discounted the affidavit from Phyllis submitted in opposition to the appointment of a guardian ad litem wherein she refused to consent to the appointment and stated that she was capable of making her own decisions. To the extent that the court's decision to appoint a guardian ad litem was based on allegations that plaintiff and Diehl had, at various times, attempted to influence Phyllis's decision-making in connection with [*2]the relevant property, the record is unclear on that point. Thus, in light of the conflicting factual evidence in the record, the court should have conducted a hearing to consider whether Phyllis was capable of prosecuting or defending her rights before appointing a guardian ad litem (see Jesten J.F., 167 AD3d at 1528-1529; Piggott v Lifespire, Inc., 149 AD3d 785, 786 [2d Dept 2017]; see also Vinokur v Balzaretti, 62 AD2d 990, 990 [2d Dept 1978]). We therefore reverse the order in appeal No. 1, vacate the appointment of the guardian ad litem, and remit the matter to Supreme Court for a hearing on the issue of Phyllis's ability to prosecute and defend her rights in connection with this litigation.
Additionally, we dismiss as moot the appeal from the order in appeal No. 2 that, as relevant, denied defendants' motion insofar as it sought to dismiss the original complaint inasmuch as plaintiff filed an amended complaint that superseded the original complaint and became the only operative complaint in the action (see Carcone v Noon [appeal No. 1], 214 AD3d 1306, 1306 [4th Dept 2023]; Morrow v MetLife Invs. Inc. Co., 177 AD3d 1288, 1288 [4th Dept 2019]; see generally Penniman v Fuller & Warren Co., 133 NY 442, 444 [1892]). We note that the amended complaint contained substantive alterations (cf. Paramax Corp. v VolP Supply, LLC, 175 AD3d 939, 940 [4th Dept 2019]; Aetna Life Ins. Co. v Appalachian Asset Mgt. Corp., 110 AD3d 32, 39 [1st Dept 2013]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court