Wei-Chao Chang v Chang (2023 NY Slip Op 05531)

Wei-Chao Chang v Chang

2023 NY Slip Op 05531

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05081
 (Index No. 704344/20)

[*1]Wei-Chao Chang, appellant,
v
Carol P. Chang, respondent.

The Postlethwaite Law Firm PLLC, New York, NY (Preston J. Postlethwaite of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 23, 2021. The order denied the plaintiff's motion to amend the caption to change the plaintiff to Wei-Chao Chang, individually, and on behalf of Chiung Yun Chang, also known as Chiun Yun Fan, his spouse, for leave to serve an amended complaint, for leave to add Hung Yu Tong, 89 NYC, LLC, Fuqiang Zhang, and the Law Offices of Fuqiang Zhang, P.C., as additional defendants, and for leave to serve a supplemental summons and the amended complaint upon those proposed additional defendants.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for leave to serve an amended complaint, for leave to add Hung Yu Tong, 89 NYC, LLC, Fuqiang Zhang, and the Law Offices of Fuqiang Zhang, P.C., as additional defendants, and for leave to serve a supplemental summons and the amended complaint upon those proposed additional defendants; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the plaintiff's motion which were for leave to serve an amended complaint, for leave to add Hung Yu Tong, 89 NYC, LLC, Fuqiang Zhang, and the Law Offices of Fuqiang Zhang, P.C., as additional defendants, and for leave to serve a supplemental summons and the amended complaint upon those proposed additional defendants, in accordance herewith.
The plaintiff, Wei-Chao Chang (hereinafter Wei-Chao), commenced this action, inter alia, to recover damages for conversion against the defendant Carol P. Chang (hereinafter Carol), his daughter, in connection with the sale of certain real property located in Jackson Heights (hereinafter the Jackson Heights property). After Carol interposed an answer with affirmative defenses, Wei-Chao moved to amend the caption to change the name of the plaintiff to "Wei-Chao Chang, individually, and on behalf of Chiung Yun Chang a/k/a Chiun Yun Fan [hereinafter Chiung], his spouse," for leave to serve an amended complaint, for leave to add Hung Yu Tong (hereinafter Tong), 89 NYC, LLC (hereinafter 89 NYC), Fuqiang Zhang (hereinafter Zhang), and the Law Offices of Fuqiang Zhang, P.C. (hereinafter Zhang, P.C.), as additional defendants (hereinafter collectively the proposed additional defendants), and for leave to serve a supplemental summons and the amended complaint upon the proposed additional defendants. Among other things, the proposed amended complaint alleged that Carol convinced Wei-Chao and Chiung to retain Zhang, an attorney, and his law firm Zhang, P.C., with whom Carol had a pre-existing relationship, in connection with the sale of the Jackson Heights property and that Carol conspired with Zhang and Zhang, P.C., to divert the proceeds of the sale from the Jackson Heights property to Carol and Tong, Carol's husband. The proposed amended complaint further alleged that Carol, by and through 89 NYC, of [*2]which she was a 90% owner, purchased certain real property on Laburnum Avenue in Flushing (hereinafter the Laburnum Avenue property), and that Carol promised to convey the Laburnum Avenue property to Wei-Chao and Chiung to repay them, but she failed to convey that property or repay them. According to the proposed amended complaint, Chiung had been suffering the effects of vascular dementia and was mentally unfit.
Carol opposed Wei-Chao's motion, contending, inter alia, that the proposed amended complaint was devoid of merit because it was not properly verified and certain of the proposed causes of action were barred by the statute of limitations and/or failed to state a claim.
In an order entered June 23, 2021, the Supreme Court denied that branch of the motion which was to amend the caption, holding that Wei-Chao failed to annex a power of attorney for Chiung. The court denied that branch of the motion which sought to add the proposed additional defendants because Wei-Chao failed to "demonstrate proof" of Tong's involvement, regarding 89 NYC, failed to "demonstrate a sufficient nexus between the transactions which are the subject of this litigation and the fraud alleged," and regarding Zhang, P.C., and Zhang, inter alia, failed to "submit[] evidence of participation in a fraudulent scheme." "As such," the court denied Wei-Chao's motion "in its entirety." Wei-Chao appeals, contending that the court erred by requiring evidentiary proof in support of his motion. Carol has not filed a brief.
The Supreme Court providently exercised its discretion in denying that branch of Wei-Chao's motion which was for leave to amend the caption to add Wei-Chao as a plaintiff in his representative capacity on behalf of Chiung. "An incapacitated individual who has not been judicially declared incompetent may sue or be sued in the same manner as any other person" (Linghua Li v Xiao, 175 AD3d 672, 673-674; see Matter of Vellios v Vellios, 200 AD3d 967; Piggott v Lifespire, Inc., 149 AD3d 785, 786). However, "a court should appoint a guardian ad litem to protect the rights of, inter alia, 'an adult incapable of adequately prosecuting or defending his [or her] rights'" (Charter One Bank, FSB v Mills, 112 AD3d 1338, 1340, quoting CPLR 1201). "CPLR 1202(a) expressly contemplates that a motion for the appointment of a guardian ad litem may be made 'at any stage in the action'" (Linghua Li v Xiao, 175 AD3d at 674). Here, Wei-Chao did not allege that he already held a power of attorney for Chiung or that she had already been adjudicated incompetent. Further, Wei-Chao had not yet moved pursuant to CPLR 1201 or 1202 for the appointment of a guardian ad litem for Chiung (cf. Linghua Li v Xiao, 175 AD3d 672). Accordingly, the court properly determined that there was no basis to amend the caption to add Wei-Chao as a plaintiff in his representative capacity on behalf of Chiung at this juncture.
"Parties may be added at any stage of the action by leave of court" (CPLR 1003; see Myung Hwa Jang v Mang, 164 AD3d 803, 804). Further, "[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]; see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d 639, 641). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986; see CPLR 3025[b]; Toiny, LLC v Rahim, 214 AD3d 1023, 1024). "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d 972, 975; see CPLR 3025[b]; Lucido v Mancuso, 49 AD3d 220, 222). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Toiny, LLC v Rahim, 214 AD3d at 1024 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). "'No evidentiary showing of merit is required under CPLR 3025(b)'" (First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641, quoting Lucido v Mancuso, 49 AD3d at 229 [emphasis added]). "[A] court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755; see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1148).
As Wei-Chao correctly contends, the Supreme Court should not have required an evidentiary showing of merit in deciding those branches of his motion which were for leave to amend the complaint and for leave to add the proposed additional defendants (see First Natl. Bank of Long Is. v Four Keys Realty, LLC, 213 AD3d at 641; Lucido v Mancuso, 49 AD3d at 229). Contrary to the court's determination, Wei-Chao was not required to "demonstrate proof," "demonstrate a sufficient nexus between the transactions which are the subject of this litigation and [*3]the fraud alleged," or "submit[] evidence of participation in a fraudulent scheme" in order to add the proposed additional defendants. Further, Wei-Chao's failure to provide a power of attorney for Chiung and his alleged failure to provide sufficient proof in support of those branches of his motion which were to add the proposed additional defendants did not require denial of Wei-Chao's motion "in its entirety," including those branches of the motion which sought to amend the causes of action asserted against Carol. Instead, as there was no allegation of surprise or prejudice, the court should have considered whether the proposed amendments were palpably insufficient or patently devoid of merit (see Wall St. Mtge. Bankers, Ltd. v Berquin, 213 AD3d at 975). Under the circumstances of this case, we remit the matter to the Supreme Court, Queens County, for a new determination of those branches of Wei-Chao's motion which were for leave to serve an amended complaint, for leave to add the proposed additional defendants as additional defendants, and for leave to serve a supplemental summons and the amended complaint upon the proposed additional defendants.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court