Wang v Golden Source Capital, Inc. (2025 NY Slip Op 25127)

[*1]

Wang v Golden Source Capital, Inc.

2025 NY Slip Op 25127

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, JOANNE D. QUIÑONES, JJ

2024-994 Q C

Daniel Wang, Appellant,
against
Golden Source Capital, Inc., Respondent. 

Daniel Wang, appellant pro se.
Victor Tsai, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Alan J. Schiff, J.), entered April 19, 2024. The order, insofar as appealed from and as limited by the brief, denied the branches of plaintiff's motion seeking leave to amend the complaint and to add party defendants, and granted the branches of defendant's cross-motion seeking summary judgment dismissing so much of the complaint as alleged employment discrimination and retaliation in violation of the New York City Human Rights Law.

ORDERED that the order, insofar as appealed from, is modified by providing that the branch of plaintiff's motion seeking leave to amend so much of the complaint as alleges promissory estoppel is granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
Plaintiff, a Canadian citizen who was living in Canada at all relevant times, accepted an offer of at-will employment with defendant as an "Entry-Level Block-Chain Developer" working out of defendant's New York office. The offer letter, which was signed by plaintiff, set the start date as November 15, 2021, described the position as being of "immediate need," and conditioned the offer on, among other things, plaintiff's verification of his right to work in the U.S. In advance of the November 15th start date, plaintiff sought to obtain Trade NAFTA (TN) status, which "permits qualified Canadian and Mexican citizens to seek temporary entry into the United States to engage in business activities at a professional level" (U.S. Citizenship and Immigration Services, "TN NAFTA Professionals," [*2]https://www.uscis.gov/working-in-the-united-states/temporary- workers/tn-nafta-professionals [last accessed Mar. 11, 2025]). An application for TN status must include a letter from the applicant's prospective employer (hereinafter a TN letter) "detailing items such as the professional capacity in which [the applicant] will work in the United States, the purpose of [the applicant's] employment, [the applicant's] length of stay, and [the applicant's] educational qualifications" (id.). Following discussions with defendant, plaintiff prepared a TN letter himself and submitted it to U.S. Customs and Border Protection (USCBP), who rejected it and denied plaintiff entry to the U.S., causing plaintiff to miss the November 15th start date. After refusing plaintiff's request to provide an alternate TN letter, defendant rescinded its offer of employment to plaintiff. Plaintiff alleges that he thereafter hired an attorney, who sent defendant "a demand letter complaining of discrimination," and that defendant's response to the demand letter "accus[ed] [plaintiff] of conspiring to commit visa fraud."
Plaintiff then commenced this action by summons with endorsed complaint seeking $50,000 for "Breach of Contract; Damage cause [sic] to person; Loss of time from work; Employment discrimination and retaliation; Promissory estoppel." Plaintiff subsequently moved for, among other things, leave to amend the complaint and to add Xinshuang Zhai, Lucky Sky USA, and iJiaBuy, Inc. as party defendants. The proposed amended complaint sets forth causes of action for (1) "Citizenship, Alienage and Immigration Status Discrimination in Violation of the [New York City Human Rights Law (NYCHRL)]," (2) "Retaliation in Violation of NYCHRL," (3) "National Origin-Based Discrimination in Violation of NYCHRL," (4) "Promissory Estoppel," (5) "Breach of Contract," and (6) "Negligence," adding factual allegations as to each claim.
Defendant opposed plaintiff's motion and cross-moved for summary judgment dismissing the complaint. By order entered April 19, 2024, the Civil Court (Alan J. Schiff, J.), insofar as is relevant to this appeal, granted the branches of defendant's cross-motion seeking summary judgment dismissing so much of the complaint as alleged breach of contract and employment discrimination and retaliation, denied the branch of defendant's cross-motion seeking summary judgment dismissing so much of the complaint as alleged promissory estoppel, and denied the branches of plaintiff's motion seeking leave to amend the complaint and to add party defendants. On appeal, plaintiff does not challenge the Civil Court's dismissal of so much of the complaint as alleged breach of contract.
The NYCHRL (Administrative Code of City of NY § 8-101 et seq.) prohibits discrimination in employment on the basis of, among other characteristics, immigration or citizenship status (see Administrative Code § 8-107 [1] [a]). Under the NYCHRL, a plaintiff must establish that she or he was "subject to an unfavorable change or treated less well than other employees on the basis of a protected characteristic" (Golston-Green v City of New York, 184 AD3d 24, 38 [2020]). Unlawful discrimination must play "no role" in an employment decision (Ellison v Chartis Claims, Inc., 178 AD3d 665, 668 [2019] [internal quotation marks omitted]; see Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1161 [2015]). According to the New York City Commission on Human Rights, "the entity charged with enforcing the [NYCHRL] and educating the general public on the law's protections and rights thereunder" (Russell v New York Univ., 42 NY3d 377, 395 [2024, Rivera, J., dissenting]), "it is a violation of the NYCHRL for employers to discriminate among work-authorized individuals—including, but not limited to, [*3]citizens, permanent residents, refugees, asylees, and those granted lawful temporary status—unless required or explicitly permitted by law" (Legal Enforcement Guidance on Discrimination on the Basis of Immigration Status and National Origin, NYC Commission on Human Rights at 7 [Jan. 28, 2025], https://www.nyc.gov/assets/cchr/downloads/pdf/Immigration-Legal-Guidance.pdf [last accessed Mar. 11, 2025]). "[I]t is not unlawful [under the NYCHRL] to deny employment to an individual who is not authorized to work in the United States" (id. at 27; see Administrative Code § 8-107 [14]).
Here, plaintiff concedes that he was not work-authorized, but alleges, in essence, that he could have become work-authorized if defendant had provided the TN letter, and that defendant's refusal to do so, and its subsequent withdrawal of its employment offer, were motivated in whole or in part by unlawful discrimination constituting a violation of the NYCHRL. The cases relied on by plaintiff in support of his contention (see e.g. Krzywinska v J & J Hotel Co. LLC, 2014 NY Slip Op 30331[U] [Sup Ct, NY County 2014]) are distinguishable from the case at bar, as they concern situations where employers took adverse actions against undocumented employees who had actually worked for the employer for some period of time (see also Legal Enforcement Guidance on Discrimination on the Basis of Immigration Status and National Origin, NYC Commission on Human Rights at 27 ["Once in the workplace, employees have protections and remedies available to them under the NYCHRL regardless of their immigration status, work authorization, or whether they are paid on or off the books" (emphasis added)]). Plaintiff here never actually worked for defendant, having not appeared on his start date due to being denied entry to the U.S. Consequently, in the absence of any authority to the contrary, we hold that the NYCHRL does not require employers to assist prospective work-authorized individuals with their applications to become work-authorized and thus, here, defendant was required neither to provide plaintiff with a TN letter nor to employ plaintiff following the failure of his attempt to obtain TN status. In view of the foregoing, the Civil Court properly granted the branch of defendant's cross-motion seeking summary judgment dismissing so much of the complaint as alleged employment discrimination.
Alternatively, assuming that defendant's conduct under certain circumstances could be deemed actionable employment discrimination, here, defendant met its prima facie burden of demonstrating that there is no evidentiary route that could allow a jury to believe that discrimination played a role in its challenged actions (see Golston-Green v City of New York, 184 AD3d at 39; Persaud v Walgreens Co., 161 AD3d 1019, 1020 [2018]; Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d 639, 641 [2017]; Moise v Uptown Communications & Elec., Inc., 134 AD3d 782, 783 [2015]; Reyes v Brinks Global Servs. USA, Inc., 112 AD3d 805, 806 [2013]; Furfero v St. John's Univ., 94 AD3d 695, 699 [2012]). In opposition, plaintiff failed to raise a triable issue of fact by coming forward with evidence that the stated reasons were pretextual or that discrimination was one of the motivating factors for the conduct at issue (see Golston-Green v City of New York, 184 AD3d at 40; Ellison v Chartis Claims, Inc., 178 AD3d at 669; Persaud v Walgreens Co., 161 AD3d at 1020; Bull v Metropolitan Jewish Health Sys., Inc., 152 AD3d at 641; Moise v Uptown Communications & Elec., Inc., 134 AD3d at 783; Reyes v Brinks Global Servs. USA, Inc., 112 AD3d at 806).
" '[T]o make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show [*4]that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct' " (Sanderson-Burgess v City of New York, 173 AD3d 1233, 1235-1236 [2019], quoting Brightman v Prison Health Serv., Inc., 108 AD3d 739, 740 [2013]; see Administrative Code § 8-107 [7]). "To establish its entitlement to summary judgment in a retaliation case [under . . . (the) NYCHRL], a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (Reichman v City of New York, 179 AD3d 1115, 1119-1120 [2020] [internal quotation marks omitted]; see Delrio v City of New York, 91 AD3d 900, 901 [2012]). "The plaintiff [in a NYCHRL retaliation action], if not a current employee, should be shown to occupy a subordinate position in an ongoing economic relationship that is threatened by the 'employer's' retaliation, and the nature of the retaliation itself should have a demonstrable nexus to the harm being alleged" (Schmitt v Artforum Intl. Mag., Inc., 178 AD3d 578, 584-585 [2019]).
Here, plaintiff alleges that defendant's response to plaintiff's counsel's demand letter constituted impermissible retaliation under the NYCHRL because the response accused plaintiff of visa fraud in an effort to deter him from filing a discrimination suit against defendant. However, plaintiff does not allege that he occupies a subordinate position in an ongoing economic relationship with defendant, or that defendant's response to plaintiff's counsel's demand letter harmed him professionally. Consequently, plaintiff cannot make out a prima facie claim of retaliation and, thus, the Civil Court properly granted the branch of defendant's cross-motion seeking summary judgment dismissing so much of the complaint as alleged retaliation (see id.; cf. Smith v Federal Defenders of NY, Inc., 161 AD3d 506, 508 [2018]).
"Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party, the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d 922, 924 [2023] [internal quotation marks omitted]; see Strunk v Paterson, 145 AD3d 700, 701 [2016]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Mitchell v Jimenez, 233 AD3d 773, 776 [2024] [internal quotation marks omitted]; see National Recruiting Group, LLC v Bern Ripka LLP, 183 AD3d 831, 832 [2020]). "In determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (Dray v Staten Is. Univ. Hosp., 227 AD3d 664, 666 [2024] [internal quotation marks omitted]; see Faiella v Tysens Park Apts., LLC, 110 AD3d 1028, 1029 [2013]). " 'A determination whether to grant such leave is within the [trial court's] broad discretion, and the exercise of that discretion will not be lightly disturbed' " (Beharrie v MRAG Dev., LLC, 210 AD3d 945, 946 [2022], quoting Krigsman v Cyngiel, 130 AD3d 786, 786 [2015]). "Parties may be added at any stage of the action by leave of court" (CPLR 1003; see Wei-Chao Chang v Chang, 221 AD3d 634, 636 [2023]).
Here, the first three causes of action in the proposed amended complaint, alleging employment discrimination and retaliation in violation of the NYCHRL, as well as the fifth cause of action, alleging breach of contract, are palpably insufficient and patently devoid of merit, as they fail to cure any of the defects that warranted dismissal of those causes of action in the original complaint (see Singh v T-Mobile, 232 AD3d 662, 667 [2024]; Precious Care Mgt., LLC v Monsey Care, LLC, 221 AD3d at 924-925; HSBC Bank USA, N.A. v Cross, 205 AD3d 779, 782-783 [2022]; Strunk v Paterson, 145 AD3d at 701).
With respect to the sixth cause of action, negligence, "[t]o hold a defendant liable in common-law negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) that the breach constituted a proximate cause of the injury" (Paden v Brooklyn Museum of Arts, 226 AD3d 920, 921 [2024] [internal quotation marks omitted]; see Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 18 [2019]). Here, the proposed amended complaint alleges, in relevant part, that "both Xinshuang Zhai and [defendant] owed a duty of care to the Plaintiff when both Defendants voluntarily assumed the duty to secure the Plaintiff's entry into the United States under TN status." However, neither Zhai nor defendant had such a duty, as it is USCBP, not Zhai or defendant, who is authorized to approve applications for TN status (see U.S. Citizenship and Immigration Services, "TN NAFTA Professionals," https://www.uscis.gov/working-in-the-united-states/temporary-workers/tn-nafta-professionals [last accessed Mar. 11, 2025]; see also Weiss v Vacca, 219 AD3d 1375, 1376-1377 [2023]; Santoro v Poughkeepsie Crossings, LLC, 180 AD3d at 21; Tirpack v 125 N. 10, LLC, 130 AD3d 917, 919 [2015]). Thus, the Civil Court providently exercised its discretion in denying plaintiff leave to amend the complaint to assert the additional cause of action of negligence (see Klein v Signature Bank, Inc., 204 AD3d 892, 898 [2022]; Healey v Ean Holdings, LLC, 180 AD3d 1017, 1018 [2020]; Del Bourgo v 138 Sidelines Corp., 208 AD2d 795, 796 [1994]).
However, we disagree with the Civil Court's denial of the branch of plaintiff's motion seeking leave to amend so much of the complaint as alleges promissory estoppel. As the Civil Court did not dismiss so much of the original complaint as alleges promissory estoppel—a determination from which defendant did not appeal—and the fourth cause of action in the proposed amended complaint simply adds more detail to the original claim, it cannot be said at this juncture that the fourth cause of action in the proposed amended complaint is palpably insufficient or patently devoid of merit. Moreover, defendant did not demonstrate that it would be prejudiced or surprised by the proposed amendment to the promissory estoppel claim (see Tenenbaum v Ziv, 231 AD3d 1181, 1182 [2024]; National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d 860, 862 [2023]).
The Civil Court providently exercised its discretion in denying the branch of plaintiff's motion seeking leave to add Xinshuang Zhai, Lucky Sky USA, and iJiaBuy, Inc. as party defendants, as the proposed amended complaint does not allege their involvement in the sole remaining cause of action, promissory estoppel (see CPLR 1003; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952 [2017]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of plaintiff's motion seeking leave to amend so much of the complaint as alleges promissory estoppel is granted.
BUGGS, J.P., TOUSSAINT and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025