■ REPUBLIC NATIONAL BANK OF NEW YORK, Appellant, v SYLVIA GREENWALD et al., Defendants, and PUBLIC EQUITIES CORP. et al., Respondents.—In an action to set aside a conveyance of real property and certain mortgages, the plaintiff appeals from (1) so much of a judgment of the Supreme Court, Nassau County (Kelly, J.), dated March 7, 1986, as dismissed its complaint as against the defendant Clinton Capital Corporation (hereinafter Clinton), and awarded costs and disbursements to the defendant Public Equities Corp., and (2) an order of the same court (Robbins, J.), dated April 4, 1986, which denied its motion to amend the judgment and retax the bill of costs and disbursements.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant Clinton Capital Corporation is awarded one bill of costs.

The repayment of loans made by the plaintiff to National

Institutional Supply Corp. (hereinafter NIS), a family business owned by Murray Greenwald, was personally guaranteed by Murray Greenwald, his wife Sylvia Greenwald and his son Dennis Greenwald. In February 1983, subsequent to the making of those loans, Murray and Sylvia Greenwald executed a $200,000 mortgage on their home, which was ultimately assigned to Clinton as security for the repayment of a $200,000 loan made to Georgia National Textile (NY) Corp. (hereinafter Georgia), a corporation owned by Murray and Dennis Greenwald. In May 1983 (after Murray Greenwald died), Sylvia Greenwald executed a second mortgage in favor of Clinton on the Greenwald home in the amount of $200,000, to secure the repayment of another $200,000 loan made to Georgia. The plaintiff's contention that the mortgages constituted fraudulent conveyances as against it (see, Debtor and Creditor Law § 273) because none of the moneys which were received in exchange for the mortgages given upon the Greenwald family home were personally received by Murray or Sylvia Greenwald is without merit. The mortgages were clearly given in exchange for fair consideration (see, Debtor and Creditor Law § 272) which was paid to a corporation owned solely by individuals who had personally guaranteed the repayment to the plaintiff of the loans made to NIS. Consequently, it cannot be said that the assets of the plaintiff's guarantors were depleted at the expense of the plaintiff (see, Debtor and Creditor Law §§ 273-278). The other contentions raised by the plaintiff concerning the propriety of the judgment are without merit.

Moreover, we conclude that the plaintiff's motion to amend the judgment and retax the bill of costs and disbursements was properly denied. Brown, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.