Bridgehampton Natl. Bank v D & G Partners, L.P. (2020 NY Slip Op 04911)





Bridgehampton Natl. Bank v D & G Partners, L.P.


2020 NY Slip Op 04911


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-06162
 (Index No. 5832/16)

[*1]Bridgehampton National Bank, etc., respondent,
v
D & G Partners, L.P., et al., defendants, Hanover Insurance Company, appellant.


Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY (Steven H. Rittmaster and Sean P. Kelley of counsel), for appellant.
Jaspan Schlesinger LLP, Garden City, NY (Frank C. Dell'Amore of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Hanover Insurance Company appeals from a judgment of foreclosure and sale of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered June 29, 2018. The judgment of foreclosure and sale, upon an order of the same court entered April 14, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Hanover Insurance Company and for an order of reference, and denying that defendant's cross motion pursuant to CPLR 3025(b) for leave to amend its answer to assert an affirmative defense and counterclaims, among other things, to set aside the mortgage as a fraudulent conveyance under the Debtor and Creditor Law, an order of the same court entered May 26, 2017, made upon reargument, adhering to the prior determination in the order entered April 14, 2017, and an order of the same court also entered May 26, 2017, inter alia, referring the matter to a referee to compute the amount due to the plaintiff, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On November 19, 2014, the defendant D & G Partners, L.P. (hereinafter D & G), executed a mortgage in favor of nonparty Community National Bank (hereinafter CNB) on certain commercial property in Bellmore. The same day, D & G gave a guaranty, pursuant to which D & G agreed to guarantee a $2,000,000 line of credit, as modified by a loan modification agreement, which CNB had issued to the defendant 4JS Plumbing, LLC (hereinafter 4JS Plumbing). The guaranty was signed on behalf of D & G and on behalf of 4JS Plumbing by Daniel Justus, as president of 4JS Management Corp.
On August 12, 2016, the plaintiff, Bridgehampton National Bank, as successor by merger to CNB, commenced this action to foreclose the mortgage against, among others, D & G, 4JS Plumbing, and Hanover Insurance Company (hereinafter Hanover), which had filed a notice of pendency against the property on September 2, 2015. Hanover interposed an answer to the complaint. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. Hanover cross-moved pursuant to CPLR 3025(b) for leave to amend its answer to assert an affirmative defense and a counterclaim to set aside the mortgage as a fraudulent conveyance within the meaning of Debtor and Creditor Law former §§ 273, 276, and [*2]277, and a counterclaim for attorney's fees pursuant to Debtor and Creditor Law former § 276-a.
In an order entered April 14, 2017, the Supreme Court granted the plaintiff's motion and denied Hanover's cross motion. Hanover moved, inter alia, for leave to reargue its cross motion. In an order entered May 26, 2017, the court granted leave to reargue but, upon reargument, adhered to its original determination. In a second order entered May 26, 2017, the court, among other things, referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, on June 29, 2018, the court entered a judgment of foreclosure and sale, directing the sale of the subject property. Hanover appeals.
Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d 1244, 1245). Here, the proposed amendments were patently devoid of merit (see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 173 AD3d at 1245).
Pursuant to the version of Debtor and Creditor Law § 273 applicable at the time of the subject conveyance, a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration (see L 2019, ch 580, § 2; Debtor and Creditor Law former § 273; Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d 1377, 1378; Matter of CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership, 25 AD3d 301, 303). Fair consideration exists "[w]hen in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied," or "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in [an] amount not disproportionately small as compared with the value of the property, or obligation obtained" (Debtor and Creditor Law former § 272[a], [b]; see Matter of BSL Dev. Corp. v Aquabogue Cove Partners, 212 AD2d 694, 695-696). "[T]he good faith of both transferor and transferee is stressed as an indispensable condition in the definition of fair consideration under either branch of the statutory language" (Julien J. Studley, Inc. v Lefrak, 66 AD2d 208, 213, affd 48 NY2d 954; see Stout St. Fund I, L.P. v Halifax Group, LLC, 148 AD3d 744, 748).
Pursuant to Debtor and Creditor Law former § 277(b), "[e]very conveyance of partnership property . . . when the partnership is or will be thereby rendered insolvent, is fraudulent as to partnership creditors, if the conveyance is made or obligation is incurred . . . [t]o a person not a partner without fair consideration to the partnership as distinguished from consideration to the individual partners."
Here, the mortgage was supported by fair consideration. Contrary to Hanover's contention, the fact that 4JS Plumbing was the beneficiary of the guaranty, and that D & G did not directly benefit therefrom, did not mean that there was a lack of consideration for the mortgage (see Matter of American Inv. Bank v Marine Midland Bank, 191 AD2d 690; Republic Natl. Bank of N.Y. v Greenwald, 132 AD2d 540, 541). Hanover also failed to sufficiently allege that CNB did not act in good faith in connection with the execution of the mortgage.
Debtor and Creditor Law former § 276 provides that "[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent." "A cause of action under Debtor and Creditor Law [former] § 276 must be pleaded with sufficient particularity pursuant to CPLR 3016(b)" (Swartz v Swartz, 145 AD3d 818, 826). "The requisite intent required by [Debtor and Creditor Law former § 276] need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer" (Matter of Steinberg v Levine, 6 AD3d 620, 621).
Here, Hanover sufficiently alleged that, at the time the mortgage was executed, D & G had knowledge that Hanover had claims against it, and that D & G was unable to pay those claims. However, Hanover failed to adequately allege that CNB was not a good faith encumbrancer for fair consideration, and that it had knowledge of D & G's alleged fraud, within [*3]the meaning of Debtor and Creditor Law former § 278 or former § 279 (see Gitlin v Chirinkin, 98 AD3d 561, 562).
In light of the foregoing, Hanover failed to sufficiently plead that it was entitled to attorney's fees pursuant to Debtor and Creditor Law former § 276-a (see Matter of U.S. Bancorp Equip. Fin., Inc. v Rubashkin, 98 AD3d 1057, 1061; cf. Ford v Martino, 281 AD2d 587, 588).
Accordingly, we agree with the Supreme Court's determination denying Hanover's cross motion pursuant to CPLR 3025(b) for leave to amend its answer to assert an affirmative defense and a counterclaim to set aside the mortgage as a fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273, 276, and 277, and a counterclaim for attorney's fees pursuant to Debtor and Creditor Law former § 276-a.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court