U.S. Bank N.A. v Cambardella (2023 NY Slip Op 01544)

U.S. Bank N.A. v Cambardella

2023 NY Slip Op 01544

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-14677
2019-14679
 (Index No. 600870/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Mario Cambardella, appellant, et al., defendants.

Charles Wallshein Esq. PLLC, Melville, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mario Cambardella appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated October 11, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mario Cambardella and for an order of reference, and denied that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In January 2018, the plaintiff commenced this action against the defendant Mario Cambardella (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Huntington. The defendant interposed an answer, in which he asserted, inter alia, various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1304. In an order dated October 11, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of the defendant's cross-motion. In a second order dated October 11, 2019, the court, among other things, granted those branches of the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" [*2](Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937).
The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." Here, the plaintiff established, prima facie, that it complied with RPAPL 1304(2). In addition to the content required by RPAPL 1304(2), the RPAPL 1304 notices sent to the defendant contained the following additional information on the first page of the notice:
"Nationstar Mortgage LLC is attempting to collect a debt, and any information obtained will be used for that purpose.
"The originating creditor of the debt is 'Wilmington Finance, Inc.'
"The outstanding amount of the debt at the time of this communication is $658,280.07.
"If you have any further questions about your loan or anything contained in this notice, please do not hesitate to contact Wendi Burt at 888-850-9398, ext 4670806 during the following hours Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 6 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT).
"NATIONSTAR IS A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT A DEBT FROM YOU PERSONALLY TO THE EXTENT THAT IT IS INCLUDED IN YOUR BANKRUPTCY OR HAS BEEN DISCHARGED, BUT IS PROVIDED FOR INFORMATIONAL PURPOSES ONLY."
To the extent these paragraphs provide additional information concerning a debtor's rights in bankruptcy, such paragraphs "are directly related to the notice's subject matter and further the statutory purpose by informing certain borrowers of additional protections they may have beyond those identified in the statutory notice language," and do not provide "additional information [that is] false, misleading, obfuscatory, or unrelated" (Bank of Am., N.A. v Kessler, _____ NY3d _____, _____, 2023 NY Slip Op 00804, *3-4). To the extent these paragraphs inform the borrower that Nationstar Mortgage, LLC, is a debt collector attempting to collect a debt, identify the originating creditor and the total amount of the debt owed, and provide contact information to discuss the loan or the notice itself, all of this information relates to the "possibility of foreclosure" and "the options available to the borrower to attempt to remedy the situation" (Kessler, _____ NY3d at _____, 2023 NY Slip Op 00804, *3).
The RPAPL 1304 notices sent to the defendant also contained the following additional information on the third and fourth pages of the notice: "New York Residents Income Disclosure: If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI); social security; public assistance (welfare); spousal support, maintenance (alimony) or child support; unemployment benefits; disability benefits; workers' compensation benefits; public or private pensions; veterans' benefits; federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days." This information "further[s] the statutory purpose" of RPAPL 1304 by informing the borrower "of additional protections [he or she] may have beyond those identified in the statutory notice language" (Bank of Am., N.A. v Kessler, _____ NY3d at _____, 2023 NY Slip Op 00804, *3), and there is no contention that this disclosure contains "false, misleading, obfuscatory, or unrelated information" (Kessler, _____ NY3d at _____, 2023 NY Slip Op 00804, [*3]*4).
Accordingly, the plaintiff established, prima facie, that the additional information did not constitute an "other notice" for purposes of RPAPL 1304(2) (Bank of Am., N.A. v Kessler, _____ NY3d at _____, 2023 NY Slip Op 00804, *3). In opposition, the defendant failed to raise a triable issue of fact.
For the same reasons, the defendant failed to meet his prima facie burden on that branch of his cross-motion which was for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's failure to comply with the "separate envelope" provision of RPAPL 1304(2) (see Bank of Am., N.A. v Kessler, _____ NY3d at _____, 2023 NY Slip Op 00804, *3).
The defendant's remaining contention is improperly raised for the first time on appeal.
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court