Wilmington Sav. Fund Socy., FSB v Sotomayor (2023 NY Slip Op 06277)

Wilmington Sav. Fund Socy., FSB v Sotomayor

2023 NY Slip Op 06277

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-06919
 (Index No. 56555/19)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
John Sotomayor, et al., appellants, et al., defendants.

Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants John Sotomayor and Alexandria Loaiza appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated September 13, 2021. The order, insofar as appealed from, denied those branches of the cross-motion of those defendants which were, in effect, for summary judgment dismissing the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 3025(b) for leave to amend their answer.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross-motion of the defendants John Sotomayor and Alexandra Loaiza which was pursuant to CPLR 3025(b) for leave to amend their answer, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs of disbursements.
In April 2019, the plaintiff commenced this action against, among others, the defendants John Sotomayor and Alexandria Loaiza (hereinafter together the defendants), to foreclose a mortgage on certain residential property in Cortlandt Manor. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. The defendants cross-moved, among other things, in effect, (1) for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304, or, in the alternative, (2) pursuant to CPLR 3025(b) for leave to amend their answer to assert an affirmative defense alleging that the plaintiff failed to comply with a provision of the mortgage requiring a notice of default as a condition precedent to commencement of the action. In an order dated September 13, 2021, the Supreme Court, inter alia, denied those branches of the defendants' motion which were, in effect, for summary judgment dismissing the complaint and for leave to amend their answer. The defendants appeal.
Strict compliance with RPAPL 1304 is a condition precedent to the commencement of a foreclosure action (see US Bank N.A. v Pierre, 189 AD3d 1309, 1311). The "separate envelope" mandate of RPAPL 1304(2) requires that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice" (see U.S. Bank N.A. v Cambardella, 214 AD3d 925, 927). However, "[RPAPL 1304] does not [*2]prohibit the inclusion of additional information that may help borrowers avoid foreclosure and is not false or misleading" (Bank of Am., N.A. v Kessler, 39 NY3d 317, 328).
Here, the defendants failed to establish, prima facie, that the 90-day notice failed to comply with RPAPL 1304 due to the inclusion of additional information, as the notice contained no "false, misleading, obfuscatory, or unrelated information" (Bank of Am., N.A. v Kessler, 39 NY3d at 328; see U.S. Bank N.A. v Cambardella, 214 AD3d at 927). Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegard v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted that branch of the defendants' cross-motion which was pursuant to CPLR 3025(b) for leave to amend their answer. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853 [internal quotation marks omitted]; see CPLR 3025[b]; Oppedisano v D'Agostino, 196 AD3d 497, 498; Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853; see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542). Here, the plaintiff failed to meet its burden of demonstrating that prejudice or surprise would result from the proposed amendment, or that the proposed amendment was palpably insufficient or patently devoid of merit (see Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d at 886; U.S. Bank Trust, N.A. v Carter, 164 AD3d at 541-542).
The plaintiff's remaining contention is without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court