Wilmington Sav. Fund Socy., FSB v Persaud (2025 NY Slip Op 05845)

Wilmington Sav. Fund Socy., FSB v Persaud

2025 NY Slip Op 05845

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-09438
 (Index No. 710595/18)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Kemraj Persaud, etc., et al., appellants, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellants.
Friedman Vartolo LLP, Garden City, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Kemraj Persaud and Yewraywatie Persaud appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 30, 2023. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them and for leave to renew, in effect, the opposition of the defendant Kemraj Persaud to that branch of the plaintiff's motion which was to strike his affirmative defense alleging noncompliance with RPAPL 1304, which had been granted in an order of the same court dated July 13, 2020.
ORDERED that the order dated June 30, 2023, is affirmed, with costs.
The plaintiff commenced this action against the defendants Kemraj Persaud (hereinafter Kemraj) and Yewraywatie Persaud (hereinafter Yewraywatie, and together with Kemraj, the defendants), among others, to foreclose a mortgage encumbering certain real property located in Queens. Subsequently, the plaintiff moved, inter alia, to strike Kemraj's affirmative defense alleging noncompliance with RPAPL 1304 and for leave to enter a default judgment against Yewraywatie. In an order dated July 13, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In October 2022, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304 and for leave to renew, in effect, Kemraj's opposition to that branch of the plaintiff's motion which was to strike Kemraj's affirmative defense alleging noncompliance with RPAPL 1304. In an order dated June 30, 2023, the court denied the defendants' motion. The defendants appeal.
At the outset, the Supreme Court properly denied the motion with respect to Yewraywatie, as that defaulting defendant is precluded from raising the nonjurisdictional defense regarding RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 877). Moreover, the court properly denied the motion with respect to Kemraj. "RPAPL 1304 is a notice statute designed to aid the homeowner in attempting to avoid litigation" (Emigrant Bank v Cohen, 205 AD3d 103, 109; see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 666). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the [*2]commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Palomaria, 230 AD3d 1109, 1110). As relevant here, RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. The notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." RPAPL 1304, however, "does not prohibit the inclusion of additional information in the envelope that may help borrowers avoid foreclosure and is not false or misleading" (Wells Fargo Bank, N.A. v Smart, 234 AD3d 1016, 1018, citing Bank of Am., N.A. v Kessler, 39 NY3d 317, 328; see U.S. Bank N.A. v Cambardella, 214 AD3d 925, 927).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Kemraj. Contrary to the defendants' contention, the additional information included with the 90-day notices was "directly related to the notice's subject matter and further[ed] the statutory purpose" by informing the defendants "of additional protections they may have beyond those identified in the statutory notice language" (Bank of Am., N.A., v Kessler, 39 NY3d at 326-327; see U.S. Bank N.A. v Cambardella, 214 AD3d at 927).
The defendants' remaining contentions are without merit.
Accordingly, we affirm the order.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court