Sainplice v Tuizer (2025 NY Slip Op 06744)

Sainplice v Tuizer

2025 NY Slip Op 06744

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-09866
 (Index No. 512152/16)

[*1]Samuel Sainplice, appellant, 
v
Amram Tuizer, et al., defendants; Wesco Insurance Company, nonparty-respondent.

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.
Gunnercooke US LLP, New York, NY (Max W. Gershweir of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated September 6, 2023. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint to add Levi Hirschfeld, Hi Rise Supply Corp., HR Steel, Inc., and Rafi Twizar as defendants.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the plaintiff's motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add Levi Hirschfeld, Hi Rise Supply Corp., and HR Steel, Inc., as defendants, and substituting therefor a provision granting those branches of the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.
On December 13, 2015, the plaintiff allegedly was injured while riding a bicycle in the intersection of Ralph Avenue and East 78th Street in Brooklyn when the side mirror of a pickup truck struck him and caused him to fall. In July 2016, the plaintiff commenced this action to recover damages for personal injuries against the defendants, Amram Tuizer, who allegedly operated the truck, and Hi Rise Steel, Inc. (hereinafter Hi Rise Steel), which allegedly owned the truck.
In December 2022, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add Rafi Twizar (hereinafter Rafi), Hi Rise Supply Corp. (hereinafter Hi Rise Supply), HR Steel, Inc. (hereinafter HR Steel), and Levi Hirschfeld (hereinafter collectively the proposed defendants) as defendants. The proposed amended complaint alleged that Hi Rise Supply, HR Steel, and Hirschfeld owned, controlled, and/or maintained the truck involved in the accident and that Rafi operated the truck during the accident. In a supporting affirmation, the plaintiff's attorney asserted that the plaintiff had discovered that Rafi was the actual driver of the truck. The plaintiff's motion was opposed by nonparty Wesco Insurance Company (hereinafter Wesco), which had provided an insurance policy for the truck. In an order dated September 6, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Parties may be added at any stage of the action by leave of court" (id. § 1003; see Wei-Chao Chang v Chang, 221 AD3d 634, 636). "Further, '[a] party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties'" (Wei-Chao Chang v Chang, 221 AD3d at 636, quoting CPLR 3025[b]). "'Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Deutsche Bank Natl. Trust Co. v Nissan, 230 AD3d 1105, 1108, quoting Bridgehampton Natl. Bank v D & G Partners, L.P., 186 AD3d 1310, 1311). "'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (Mitchell v Jimenez, 233 AD3d 773, 776, quoting Wilmington Sav. Fund Socy., FSB v Sotomayor, 222 AD3d 702, 703). "'Delay alone is insufficient to bar an amendment to the pleading; it must be lateness coupled with significant prejudice to the other side'" (id. at 777, quoting Burger v Village of Sloatsburg, 216 AD3d 730, 731; see Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959).
Here, since the plaintiff moved for leave to amend the complaint to add the proposed defendants after the expiration of the applicable statute of limitations, the plaintiff was "required to demonstrate the applicability of the relation-back doctrine" (Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800). "A plaintiff may establish the applicability of the relation-back doctrine by demonstrating that (1) the causes of action arose out of the same conduct, transaction, or occurrence; (2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits; and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against him or her as well" (Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838; see Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954, 954).
Contrary to the Supreme Court's determination, the plaintiff demonstrated the applicability of the relation-back doctrine with respect to Hi Rise Supply, HR Steel, and Hirschfeld. As to the first prong of the relation-back doctrine, there is no dispute that the plaintiff sought to allege causes of action against the proposed defendants arising out of the same occurrence as the causes of action asserted in the complaint. With respect to the second prong, the plaintiff demonstrated that Hi Rise Supply, HR Steel, and Hirschfeld were united in interest with Hi Rise Steel (see Uddin v A.T.A. Constr. Corp., 164 AD3d 1400, 1401; Preferred Elec. & Wire Corp. v Duracraft Prods., 166 AD2d 425, 426-427). As to the third prong, the plaintiff sufficiently established that Hi Rise Supply, HR Steel, and Hirschfeld knew or should have known that, but for a mistake, they would have been named as defendants (see Bhatara v Kolaj, 222 AD3d 926, 930; cf. Kunwar v Northwell Health, 229 AD3d 528, 531). Moreover, the plaintiff was not required to show that his mistake in naming Hi Rise Supply, HR Steel, and Hirschfeld as defendants was excusable (see OneWest Bank N.A. v Muller, 189 AD3d 853, 856).
Furthermore, contrary to the Supreme Court's determination, the plaintiff's mere delay in moving for leave to amend the complaint, standing alone, did not preclude his entitlement to amend the complaint (see Edenwald Contr. Co. v City of New York, 60 NY2d at 959; Mitchell v Jimenez, 233 AD3d at 777). Here, in opposition to the plaintiff's motion, Wesco failed to demonstrate that it or Hi Rise Supply, HR Steel, and Hirschfeld would suffer any prejudice or surprise from the proposed amendment or that the proposed amendment to add Hi Rise Supply, HR Steel, and Hirschfeld was palpably insufficient or patently devoid of merit (see Wilmington Sav. Fund Socy., FSB v Sotomayor, 222 AD3d at 702-703; Matter of Chustckie, 203 AD3d 820, 822). Accordingly, the court improvidently exercised its discretion in denying those branches of the plaintiff's motion which were for leave to amend the complaint to add Hi Rise Supply, HR Steel, and Hirschfeld as defendants.
Nevertheless, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint to add Rafi as a defendant. Contrary to the plaintiff's contention, he failed to establish that Rafi was united in [*2]interest with the defendants or that Rafi knew or should have known that, but for a mistake as to the identity of the proper parties, this action would have been commenced against him as well, as required to satisfy the second and third prongs of the relation-back doctrine (see Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1249). Moreover, the plaintiff's assertion that Rafi was the actual driver of the truck involved in the accident was premised on mere speculation. Accordingly, the court properly denied that branch of the plaintiff's motion which was for leave to amend the complaint to add Rafi as a defendant.
The remaining contentions of the plaintiff and Wesco are without merit.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court