Newtek Small Bus. Fin., LLC v Wisenfeld (2026 NY Slip Op 01071)

Newtek Small Bus. Fin., LLC v Wisenfeld

2026 NY Slip Op 01071

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-08799
2024-01280
 (Index No. 519906/19)

[*1]Newtek Small Business Finance, LLC, etc., respondent,
vIsaac Wisenfeld, et al., defendants, Elias S. Wiesenfeld, et al., appellants.

New York Litigation Group, PLLC, Rochester, NY (Austin T. Shufelt of counsel), for appellants.
Chartwell Law, New York, NY (Matthew Burrows of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose certain mortgages, the defendants Elias S. Wiesenfeld, Rachel Wiesenfeld, and 86 Hewes Street, LLC, appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 22, 2023, and (2) an order of the same court dated September 19, 2023. The order dated May 22, 2023, granted the plaintiff's motion for leave to amend the complaint and denied those defendants' cross-motion pursuant to CPLR 3211(a) and 306-b to dismiss the complaint insofar as asserted against them. The order dated September 19, 2023, denied those defendants' motion for leave to renew and reargue their opposition to the plaintiff's prior motion for leave to amend the complaint and their prior cross-motion pursuant to CPLR 3211(a) and 306-b to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated May 22, 2023, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated September 19, 2023, as denied that branch of the motion of the defendants Elias S. Wiesenfeld, Rachel Wiesenfeld, and 86 Hewes Street, LLC, which was for leave to reargue their opposition to the plaintiff's prior motion for leave to amend the complaint and their prior cross-motion pursuant to CPLR 3211(a) and 306-b to dismiss the complaint insofar as asserted against them is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated September 19, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2013, the plaintiff's predecessor-in-interest executed a loan agreement (hereinafter the 2013 agreement), obtaining, inter alia, a security interest and mortgage on four parcels of real property. The 2013 agreement was guaranteed by, among others, Elias S. Wiesenfeld, Isaac Wiesenfeld, Rachel Wiesenfeld, Esther Wiesenfeld, 86 Hewes Street, LLC, and E & I Wise, LLC.
In September 2019, the plaintiff commenced this action against Elias S. Wiesenfeld, Rachel Wiesenfeld, and 86 Hewes Street, LLC (hereinafter collectively the original defendants), alleging that they had defaulted on their obligations under the 2013 agreement and seeking to foreclose on two of the four mortgaged properties. In February 2023, the plaintiff moved for leave to amend the complaint, seeking, inter alia, to foreclose on all four mortgaged properties listed in the 2013 agreement and to add Isaac Wisenfeld, Esther Wisenfeld, and E & I Wise, LLC, as defendants. The original defendants thereafter cross-moved pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against them on the ground that they were not properly served with process. In reply, the plaintiff submitted, for the first time, three unfiled affidavits of service, indicating that the summons and complaint were served on the original defendants in November 2019. In an order dated May 22, 2023, the Supreme Court granted the motion and denied the cross-motion. Thereafter, the original defendants moved, among other things, for leave to renew their prior cross-motion and their opposition to the plaintiff's prior motion. In an order dated September 19, 2023, the court, inter alia, denied that branch of the motion. The original defendants appeal from both orders.
The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to amend the complaint. "Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (Deutsche Bank Natl. Trust Co. v Nissan, 230 AD3d 1105, 1108 [internal quotation marks omitted]; see CPLR 3025[b]; Dray v Staten Is. Univ. Hosp., 227 AD3d 664, 666). "Applications to amend pleadings are within the sound discretion of the court" (Dominge v Dannenberg, 228 AD3d 729, 731 [internal quotation marks omitted]; see U.S. Bank N.A. v Singer, 192 AD3d 1182, 1185). "'The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion'" (Cussick v R.L. Baxter Bldg. Corp., 228 AD3d 614, 616, quoting Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362; see Wilmington Sav. Fund Socy., FSB v Sotomayor, 222 AD3d 702, 703). Here, the original defendants failed to establish that they would suffer prejudice or surprise as a result of the proposed amendment (see National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d 860, 862; Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986, 988).
Moreover, the Supreme Court providently exercised its discretion in denying that branch of the original defendants' motion which was for leave to renew their cross-motion pursuant to CPLR 3211(a)(8) and 306-b to dismiss the complaint insofar as asserted against them. "A motion for leave to renew must be based upon new facts not offered on the prior motion which would change the prior determination, and must contain a reasonable justification for the failure to present such facts on the prior motion" (Sutton v Syla, 223 AD3d 764, 766 [internal quotation marks omitted]; see CPLR 2221). Here, the original defendants failed to demonstrate that the purported new facts would have changed the prior determination (see MD Aminul Islam v New York City Health & Hosps. Corp., 224 AD3d 819, 820-821; Ok Sun Chong v Scheelje, 218 AD3d 691, 692).
The parties' remaining contentions are either not properly before this Court or academic in light of the foregoing.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court