Wilmington Sav. Fund Socy., FSB v Kelly
2026 NY Slip Op 03022
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Wilmington Savings Fund Society, FSB, etc., respondent-appellant,
v
Carol A. Kelly, etc., et al., appellants-respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2021-06251, 2022-03704, (Index No. 37064/19)
Colleen D. Duffy, J.P.
Deborah A. Dowling
Phillip Hom
Susan Quirk, JJ.

Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for appellants-respondents.
The Frank Law Firm P.C., Old Brookville, NY (Thomas J. Frank of counsel), for respondent-appellant.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendants Carol A. Kelly and Thomas E. Kelly appeal from (1) an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated August 24, 2021, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Sherri L. Eisenpress, J.) dated May 3, 2022, and the plaintiff cross-appeals from the order and judgment of foreclosure and sale. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Carol A. Kelly and Thomas E. Kelly, to strike those defendants' answer, and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the cross-appeal from the order and judgment of foreclosure and sale is dismissed as abandoned; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In 2011, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action against, among others, the defendants Carol A. Kelly and Thomas E. Kelly (hereinafter together the defendants) to foreclose a mortgage securing certain real property located in West Nyack (hereinafter the 2011 action). In 2013, the Supreme Court directed dismissal of the complaint in the 2011 action for lack of standing, as, inter alia, the note attached to the complaint had no endorsements or allonges.
In 2015, Bayview Loan Servicing, LLC (hereinafter Bayview), which later assigned the mortgage to Kondaur Capital Corporation (hereinafter Kondaur), commenced an action to foreclose the mortgage (hereinafter the 2015 action). The copy of the note attached to the complaint in the 2015 action contained an endorsement from Wells Fargo to Bayview and a purported allonge containing an endorsement in blank by Tribeca Lending Corporation (hereinafter Tribeca). Thereafter, the Supreme Court granted Kondaur's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants and issued an order and judgment of foreclosure. On appeal, this Court reversed the order and judgment of foreclosure and sale, concluding that a triable issue of fact existed "as to whether the note was properly endorsed in blank by an allonge 'so firmly affixed thereto as to become a part thereof' when it came into the possession of Wells Fargo, which later endorsed the note to [Bayview]" (Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 846, quoting UCC 3-202[2]). Thereafter, the 2015 action was voluntarily discontinued.
In 2019, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), commenced this action to foreclose the mortgage. Attached to the complaint was the note; an allonge containing an endorsement, formerly in blank by Tribeca, now specially from Tribeca to Bayview; and a second allonge containing an endorsement in blank executed by a vice president of Bayview. In their answer, the defendants asserted various affirmative defenses, including lack of standing, the statute of limitations, and failure to comply with RPAPL 1304.
Wilmington moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion. In an order dated August 24, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion. Thereafter, the plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated May 3, 2022, the court, among other things, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly determined that this action was not time-barred. "'Where, as here, the prior action is dismissed on the ground that the plaintiff lacked standing, the purported acceleration is a nullity, and the statute of limitations does not begin to run at the time of the purported acceleration'" (HSBC Bank USA v Rinaldi, 177 AD3d 583, 585, quoting U.S. Bank N.A. v Auguste, 173 AD3d 930, 932). Here, since the 2011 action was dismissed based upon an expressed judicial determination that Wells Fargo lacked standing when it commenced the 2011 action, the mortgage loan was not accelerated and the statute of limitations did not begin to run at that time (see CPLR 213[4][a]; Bank of N.Y. Mellon v Levinson, 230 AD3d 548, 551). Accordingly, this action was timely commenced.
Likewise, there is no merit to the defendants' contention that Wilmington failed to comply with RPAPL 1304. "Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Cambardella, 214 AD3d 925, 926; see generally Bank of Am., N.A. v Kessler, 39 NY3d 317). The defendants contend that the RPAPL 1304 notice included other information pertaining to the rights of a debtor in bankruptcy, that this information constituted "other mailing or notice" for purposes of RPAPL 1304, and that, in including it in the same envelope as the RPAPL 1304 notice, Wilmington failed to comply with RPAPL 1304 (id. § 1304[2]). The defendants further contend that Wilmington failed to comply with RPAPL 1304 by inserting, in addition to the phone number, the name of a person to contact directly. However, the additional information with the notice required by RPAPL 1304 did [*2]not violate the requirement that the RPAPL 1304 notice be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]; see Bank of Am., N.A. v Kessler, 39 NY3d at 326-327; U.S. Bank N.A. v Cambardella, 214 AD3d at 927-928).
Where, as here, "the plaintiff's standing to commence the foreclosure action was placed in issue by the defendant, the plaintiff was required to prove its standing to be entitled to relief against the defendant" (U.S. Bank N.A. v Muroff, 234 AD3d 1010, 1012 [internal quotation marks omitted]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Lakeview Loan Servicing, LLC v Florio, 230 AD3d 665, 667). "A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced" (Lakeview Loan Servicing, LLC v Florio, 230 AD3d at 667 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d 1056, 1057). "A promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Lakeview Loan Servicing, LLC v Florio, 230 AD3d at 667 [internal quotation marks omitted]). "A 'holder' is 'the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (id., quoting UCC 1-201[b][21][A]; see UCC 3-301). "Where an instrument is endorsed in blank, it may be negotiated by delivery" (Lakeview Loan Servicing, LLC v Florio, 230 AD3d at 668; see UCC 3-202[1]; 3-204[2]). "'An indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof'" (Lakeview Loan Servicing, LLC v Florio, 230 AD3d at 668, quoting UCC 3-202[2]).
Here, Wilmington made a prima facie showing that it had standing to commence this action. Wilmington attached to the complaint a copy of the note, an allonge containing an endorsement from Tribeca to Bayview, and an allonge containing an endorsement in blank by Bayview (see id.; Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d at 1057-1058). In an affirmation of note possession, Wilmington's attorney averred that the allonges were firmly affixed to the note with a staple when his office received the original note on June 24, 2019, which was months before this action was commenced. Wilmington's attorney further averred that upon receipt, the original note and its attachments were placed in a safe located in his office and remained there until he removed the same to make a copy for the commencement of this action. He also attested that he presented the note and its attachments to the defendants' counsel in 2021, showing the defendants' counsel that the allonges were stapled to the note. In opposition, the defendants failed to raise a triable issue of fact as to whether the allonges were "so firmly affixed [to the note] as to become a part thereof" (UCC 3-202[2]).
Accordingly, the Supreme Court properly granted those branches of Wilmington's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
The parties' remaining contentions are without merit.
DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court